**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| MANUEL ERICK CAMACHO HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES et al.,<br><br>Defendants. | Case No. 2:25-cv-05263-SB-DFM<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint, the motion to dismiss, the Report and Recommendation (R&R) of the United States Magistrate Judge, and the other relevant documents. The Court has conducted a de novo review of the portions of the R&R to which Plaintiff objected. *See* 28 U.S.C. § 636(b)(1). The analysis in the R&R adequately addresses the issues raised in those objections and demonstrates that the lawsuit is not legally viable.

First, Plaintiff's challenge to the application of the Noerr–Pennington doctrine is unpersuasive. The conduct he identifies—filing motions, communicating with the court, corresponding with opposing parties, and threatening litigation-related remedies—falls within core petitioning activity protected by the doctrine. *See B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 535 (9th Cir. 2022) (noting petitioning activity includes "conduct incidental to the prosecution of a suit") (cleaned up). His characterization of that conduct as "coercive," "retaliatory," or outside the scope of petitioning does not alter that conclusion, as the allegations, even when liberally construed, concern activity undertaken in the course of or incidental to litigation. Nor does Plaintiff plausibly

invoke the sham exception, which requires facts showing that the challenged conduct was objectively baseless or involves intentional misrepresentations to the court. *See id.* at 537–38 (describing circumstances in which sham exception applies). Plaintiff's allegations regarding denied motions, for example, do not plausibly establish objective baselessness or intentional fraud.

Second, Plaintiff's challenge to the dismissal of his conspiracy-based state-action theory fails. As the R&R explains, Defendant is a private attorney, and Plaintiff must allege specific facts showing an agreement with a state actor to satisfy § 1983's state-action requirement. *See Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding plaintiff failed to state a § 1983 claim against a private attorney based on conclusory allegations that the lawyer conspired with state officers). Plaintiff's reliance on hearing transcripts and references to off-the-record communications does not cure this deficiency, as his allegations and evidence do not plausibly support an agreement to violate Plaintiff's rights, even construed in the light most favorable to him.

Third, Plaintiff's challenge to the denial of leave to amend is not persuasive. The R&R identifies defects that are legal, not merely factual: Defendant's status as a private attorney and the protected nature of the challenged conduct. Plaintiff has already been afforded an opportunity to amend and has not cured these deficiencies. Although Plaintiff identifies additional detail he would include, he does not identify facts that would plausibly establish state action or bring Defendant's conduct outside the scope of protected petitioning. Under these circumstances, the Magistrate Judge did not err in concluding that further amendment would be futile.

Accordingly, the objections do not undermine the R&R's reasoning or conclusions. The Court therefore accepts the findings, conclusions, and recommendations of the United States Magistrate Judge.

Accordingly, IT IS ORDERED THAT:

1.    Defendant Andrew Linares's Motion to Dismiss (Dkt. No. 41) is GRANTED;

2.    Linares's Motion to Strike (Dkt. No. 42) is DENIED as moot;

3.    The Second Amended Complaint is DISMISSED with prejudice and without leave to amend; and

4.    The Clerk of Court is directed to enter judgment accordingly and close this case.

Date:  April 3, 2026

_____
STANLEY BLUMENFELD, JR.
United States District Judge